IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHELSEA L. DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF TEXAS, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Civ. No.15-377-SLR<br>)<br>)<br>)<br>) |
| CHELSEA L. DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF TEXAS, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Civ. No.15-384-SLR<br>)<br>)<br>)<br>) |

Chelsea L. Davis, Dallas, Texas. Pro se Plaintiff.

**MEMORANDUM OPINION**

Dated: May 26, 2015
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Chelsea L. Davis ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. Her complaints indicate that she resides in Delaware, but she provides an address in Dallas, Texas as her address of record. Plaintiff is a licensed attorney in the State of Texas.[1] These actions are two of many that plaintiff has filed targeting the State of Texas, her former employer McKool Smith P.C. ("McKool Smith"), and other individuals for tortious conduct she alleges occurred during and after her time as an employee at McKool Smith. Plaintiff's claims range from alleged constitutional violations to human trafficking.

## II. BACKGROUND

Plaintiff has been enjoined by three Texas courts from filing lawsuits. Recently, she began filing actions in this court, including: *Davis v. McKool Smith P.C.*, Civ. No. 15-351-SLR (filed Apr. 29, 2015), *Davis v. State of Texas*, Civ. No. 15-377-SLR (filed May 11, 2015), and *Davis v. State of Texas*, Civ. No. 15-384-SLR (filed May 13, 2015).

## III. STANDARD OF REVIEW

A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir.

---

[1] On May 14, 2015, the Board of Disciplinary Appeals, an adjudicatory body appointed by the Supreme Court of Texas to hear certain attorney discipline cases, signed a judgment of indefinite disability suspension against plaintiff. *See* http://www.txboda. org/cases/re-chelsea-l-davis (May 14, 2015).

2013). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleadings are liberally construed and her complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

"A separate standard for maliciousness is not as well established." *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986 (D. Del. 1995), *aff'd*, 111 F.3d 125 (3d Cir. 1997) (table). A court assessing whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch*, 67 F.3d at 1086. For example, a complaint is malicious when it "duplicates allegations of another . . . federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). A court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *See Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir. 1981). Additionally, a court may dismiss a complaint as malicious if it is plainly abusive

2

of the judicial process or merely repeats pending or previously litigated claims. *See Crisafi*, 655 F.2d at 1309; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972); *see also Banks v. Gillie*, 2004 WL 5807334 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Serv.*, 2003 WL 21355439, at *2 (N.D. Tex. June 6, 2003) ("A complaint is thus malicious when it duplicates allegations of another pending federal lawsuit by the same plaintiff or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation.") (internal quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend her complaints unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court

3

must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Vexatious Litigant

Plaintiff filed suit against McKool Smith in the 298th Judicial District Court for Dallas County, Texas, raising claims arising from her employment with McKool Smith, and the claims were dismissed with prejudice on December 27, 2013. (*See* Civ. No. 15-341-SLR, D.I. 3, ex. 1, *Davis v. McKool Smith, P.C.*, Cause No. DC-13-14215). The dismissal included the imposition of sanctions against plaintiff. The court stated that plaintiff's "abuse of the judicial system through the filing of groundless pleadings and motions for an improper purpose, and her bad faith and harassing actions and misconduct detailed by the evidence, threaten the integrity of the judicial system, and demonstrate her flagrant bad faith and callous disregard for court orders." (*Id.*) Prior to dismissal of the case in the 298th Judicial District, plaintiff was declared a vexatious litigant by the 429th Judicial District Court for Collin County, Texas. (*See id.* at D.I. 3, ex. 10, *Davis v. Limoland USA Corp.*, Cause No. 429-03552-2014). Therein, plaintiff was prohibited from filing, pro se, a new litigation in any court in Texas without

4

permission of the appropriate local administrative judge in accordance with § 11.102 of the Texas Civil Practice and Remedies Code. (*Id.*).

Plaintiff then attempted to litigate in the federal district courts of the Northern District of Texas by filing at least nine law suits alleging the same set of claims and facts as those previously dismissed by the state court.[2] On February 19, 2014, an order was entered in the United States District Court for the Northern District of Texas, Dallas Division ("Texas N.D. Court"), recounting in detail plaintiff's history of vexatious and abusive litigation. *See Davis v. McKool Smith*, Civ. No. 14-3975-N-BK at D.I. 66. The Texas N.D. Court enjoined plaintiff from filing or removing to its court: (1) any case based in part or in whole in part on events before the date of its order against any one or more of the following parties: R. Brian Teal; Samuel Baxter; GECESC Associates; GECESP Associates; BOC; Amy Abboud Ware; Leslie Ware; Stephen Jones; William C. Carmody; James S. Chanos; McKool Smith; Clint D. Carlson; J. Kyle Bass; Chad Bushaw; William A. Ackman; Harlan R. Crow; Leon G. Cooperman; Jon Stevens; Carlos R. Cortez; Panoptis IP LLC; the Ware Firm LLC; McKool Smith Henningnan PC; Southern Methodist University; Southern Methodist University Dedman School of Law; John Attanasio; unless represented by a licensed attorney other than herself, or with leave of court; and (2) any action arising from her employment at McKool Smith,

---

[2] *See e.g.*, *Davis v. McKool Smith*, Civ. No. 13-4926-N (N.D. Tex., removed Dec. 18, 2013; *Davis v. Ackman*, Civ. No. 13-4973-N (N.D. Tex., filed Dec. 20, 2013); *Davis v. McKool Smith*, Civ. No. 14-056-N (N.D. Tex., filed Jan. 8, 2014); *Davis v. McKool Smith*, Civ. No. 14-3962-N (N.D. Tex., filed Nov. 7, 2014); *Davis v. Ware*, Civ. No. 14-XC-3963-K (N.D. Tex., filed Nov. 8, 2014); *Davis v. McKool Smith*, Civ. No. 14--3975-N (N.D. Tex., filed Nov. 10, 2014); *Davis v. McKool Smith*, Civ. No. 14-4190-N (N.D. Tex., filed Nov. 24, 2014).

including but not limited to claims for sex discrimination; disability discrimination; racial discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false imprisonment; quantum meruit and unjust enrichment; assault and battery; wrongful termination; breach of contract; intentional infliction of emotional distress; fraud and promissory estoppel; negligent hiring, supervision, and retention; gross negligence; personal injury under 18 U.S.C. § 2255; conspiracy to violate constitutional rights; sexual assault; aggravated sexual assault; federal assault and sexual abuse; violation of 18 U.S.C § 247; and violation of 18 U.S.C. § 1592, unless represented by a licensed attorney other than herself, or with leave of court. The order also revoked plaintiff's electronic filing privileges for all of her accounts due to abuse of her electronic filing privileges. Plaintiff was warned that further abuse of the judicial system would result in progressively harsh sanctions including, but not limited to, a bar on all filings in the Texas N.D. Court without first obtaining leave of court and monetary sanctions.

Similarly, on April 23, 2015, an order was filed in the United States District Court for the Eastern District of Texas, Sherman Division ("Texas E.D. Court"), that also recounted in detail plaintiff's history of vexatious and abusive litigation. See *Davis v. Supreme Court of Texas*, Civ. No. 15-082-ALM-CMC at D.I. 15 (E.D. Tex.). The Texas E.D. Court found plaintiff's continued attempts to litigate the same claims vexatious and designed solely to harass and embarrass defendants. The Texas E.D. Court enjoined plaintiff from filing in or removing to its court, without leave of court: (1) any case based in whole or in part on events before the date of its order and against any one or more of the following parties: R. Brian Teal; Samuel Baxter; GECESC Associates; GECESP Associates; BOC; Amy Abboud Ware; Leslie Ware; Stephen Jones; William C.

Carmody; James S. Chanos; McKool Smith PC; Clint D. Carlson; J. Kyle Bass; Chad Bushaw; William A. Ackman; Harlan R. Crow; Leon G. Cooperman; Jon Stevens; Carlos R. Cortez; Panoptis IP LLC; the Ware Firm LLC; McKool Smith Henningnan PC; Southern Methodist University; Southern Methodist University Dedman School of Law; Supreme Court of Texas; or John Attanasio; unless represented by a licensed attorney other than herself; and (2) any action arising from her employment at McKool Smith, including but limited to claims for sex discrimination; disability discrimination; racial discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false imprisonment; quantum meruit and unjust enrichment; assault and battery; wrongful termination; breach of contract; intentional infliction of emotional distress; fraud and promissory estoppel; negligent hiring, supervision, and retention; gross negligence; personal injury under 18 U.S.C. § 2255; conspiracy to violate constitutional rights; sexual assault; aggravated sexual assault; federal assault and sexual abuse; violation of 18 U.S.C § 247; and violation of 18 U.S.C. § 1592; unless represented by a licensed attorney other than herself. Plaintiff was again warned that further abuse of the judicial system would result in progressively harsh sanctions including, but not limited to, a bar on all filings in the Texas E.D. Court without first obtaining leave of court and monetary sanctions.

### B. Complaints Filed in this District

On April 29, 2015, plaintiff filed *Davis v. McKool Smith P.C.*, Civ. No. 15-341-SLR, in this court.[3] Recently, the court ordered the case transferred to the United

---

[3] Plaintiff paid the filing fee in Civ. No. 15-341-SLR.

7

States District Court for the Northern District of Texas, Dallas Division. Next, on May 11, 2015, plaintiff filed *Davis v. State of Texas*, Civ. No. 15-377-SLR, followed by *Davis v. State of Texas*, Civ. No. 15-384-SLR on May 13, 2015. The two cases are virtually identical. Following a review of the orders entered in the numerous cases filed by plaintiff in the Texas courts, it is obvious the complaints in Civ. Nos. 15-341-SLR, 15-377-SLR, and 15-384-SLR contain similar allegations and are raised against many of the same defendants as in prior actions initiated by plaintiff. Two federal courts have enjoined plaintiff from repeatedly pursuing these claims in their courts while plaintiff must seek permission in the Texas state courts before filing there.

The court finds dismissal is appropriate on the basis of maliciousness as to Civ. Nos. 15-377-SLR and 15-384-SLR. Plaintiff's pattern of filing repetitive claims or claims arising out of a common nucleus of operative facts, despite admonishment by at least three courts, falls squarely within the category of malicious litigation.

In addition, the State of Texas has sovereign immunity and, under the Eleventh Amendment, suits in federal court by citizens of a state against a state or a state agency or department are prohibited.[4] *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999); *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Because the complaints in Civ. Nos. 15-377-SLR and 15-

---

[4] The Texas Bar Association is a state agency and its agents (i.e., defendant Board of Disciplinary Appeals and Commission for Lawyer Discipline) are explicitly granted immunity from suit under the Texas Rules of Disciplinary Procedures. *See Kremp v. Dobbs*, 775 F.2d 1319 n.1 (5th Cir. 1985); *Laubach v. State Bar of Texas*, 2000 WL 1675701, at *1 (Tex. App. Nov. 9, 2000).

8

384-SLR are malicious and defendants are immune from suit, the court will dismiss Civ. Nos. 15-377-SLR and 15-384-SLR pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## V. SHOW CAUSE

Plaintiff, a resident of either the State of Texas or the State of Delaware, has engaged in filing numerous lawsuits that contain frivolous legal arguments and that are vexatious and abusive of the judicial process. Plaintiff filed the lawsuits in the United States District Court for the District of Delaware in an effort to avoid the sanctions imposed upon her by the 429th Judicial District Court for Collin County, Texas, the United States District Court for the Northern District of Texas, Dallas Division, and the United States District Court for the Eastern District of Texas, Sherman Division.

Beginning in April 2015, plaintiff filed three lawsuits in this District, all related to cases previously filed in Texas: *Davis v. McKool Smith P.C.*, Civ. No. 15-351-SLR, *Davis v. State of Texas*, Civ. No. 15-377-SLR, and *Davis v. State of Texas*, Civ. No. 15-384-SLR. Named defendants include: Eric Aguilar, Asarco LLC, Angeline Bain, Baker Botts LLP, Samuel F. Baxter, Carlson Capital LP, Robin Case, Chief Disciplinary Counsel Linda Acevedo, Collin County, Colt Ventures, Harlan R. Crow, Crow Holdings Capital Partners LLC, Jaye Crowder, Dallas County, Dallas Cowboys Football Club Ltd., Susan Farris, Lawrence J. Friedman, Hayman Capital Management LP, Kynikos Associates LP, Brian S. Lidji, McKool Smith P.C., Edgar Nace, Omega Advisors Inc., PanOptis LLC, Pershing Square Capital Management LP, C. Roderick Phelan, SMU Dedman School of Law, Sayles Werbner P.C., Ben Selman, State Bar of Texas, Texas Health Presbyterian Hospital Dallas, Emily Tobolowsky, Town of Addison, Town of Highland Park, Travis County, Leslie D. Ware, Mark Werbner, Jill Willis, State of Texas,

Supreme Court of Texas, Board of Disciplinary Appeals, and Commission for Lawyer Discipline.

Because of plaintiff's vexatious litigious actions, this court has the power to enjoin her from filing meritless pleadings where the pleadings raise issues identical or similar to those that have already been adjudicated. 28 U.S.C. § 1651; *See Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. 2004) (unpublished). A District Court "may enjoin a pro se litigant from future filings so long as the injunction complies with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case." *Day v. Toner*, 549 F. App'x 66, 67 (3d Cir. 2014) (unpublished) (citing *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)).

Plaintiff has been found to be a vexatious litigant by the 429th Judicial District Court for Collin County, Texas, the United States District Court for the Northern District of Texas, Dallas Division, and the United States District Court for the Eastern District of Texas, Sherman Division. Orders were entered that prohibit plaintiff from filing, pro se, a new litigation in any court in Texas without permission of the appropriate local administrative judge in accordance with § 11.102 of the Texas Civil Practice and Remedies Code, and that enjoined plaintiff from filing or removing to Texas federal courts actions against certain individuals, as discussed above, that raise claims arising from plaintiff's employment at McKool Smith. Plaintiff was warned that further abuse of the judicial system would result in progressively harsh sanctions including, but not

limited to, a bar on all filings in the Texas N.D. Court and the Texas E.D. Court without first obtaining leave of court and monetary sanctions. Despite the orders, plaintiff continues with her frivolous filings. Plaintiff has "adopted" this court as her district for filing lawsuits even though venue is not proper here.[5]

For the above reasons, plaintiff will be ordered to show cause, in writing, why she should not be enjoined from filing any complaint, lawsuit, or petition for writ of mandamus, filed in the United States District Court for the District of Delaware in an effort to avoid the orders enjoining her from filing lawsuits in Texas courts **or** regarding or relating to any and all claims arising from plaintiff's employment at McKool Smith, including, but not limited to, actions against Eric Aguilar, Asarco LLC, Angeline Bain, Baker Botts LLP, Samuel F. Baxter, Carlson Capital LP, Robin Case, Chief Disciplinary Counsel Linda Acevedo, Collin County, Colt Ventures, Harlan R. Crow, Crow Holdings Capital Partners LLC, Jaye Crowder, Dallas County, Dallas Cowboys Football Club Ltd., Susan Farris, Lawrence J. Friedman, Hayman Capital Management LP, Kynikos Associates LP, Brian S. Lidji, McKool Smith P.C., Edgar Nace, Omega Advisors Inc., PanOptis LLC, Pershing Square Capital Management LP, C. Roderick Phelan, SMU Dedman School of Law, Sayles Werbner P.C., Ben Selman, State Bar of Texas, Texas Health Presbyterian Hospital Dallas, Emily Tobolowsky, Town of Addison, Town of Highland Park, Travis County, Leslie D. Ware, Mark Werbner, Jill Willis, State of Texas,

---

[5] Although the two cases are not properly venued in the District of Delaware, the court may not dismiss the case, sua sponte, on the grounds of improper venue. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

11

Supreme Court of Texas, Board of Disciplinary Appeals, and Commission for Lawyer Discipline.

## VI. CONCLUSION

For the above reasons, the court will dismiss Civ. Nos. 15-377-SLR and 15-384-SLR as malicious and based upon defendants' immunity pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). The pending motions in Civ. Nos. 15-377-SLR (D.I. 9) and 15-384-SLR (D.I. 4) will be denied as moot.

A separate order shall issue.