IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHELSEA L. DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF TEXAS, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Civ. No.15-377-SLR<br>)<br>)<br>)<br>) |
| CHELSEA L. DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF TEXAS, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Civ. No.15-384-SLR<br>)<br>)<br>)<br>) |

Chelsea L. Davis, Dallas, Texas. Pro se Plaintiff.

**MEMORANDUM OPINION**

Dated: July 30, 2015
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Chelsea L. Davis ("plaintiff") proceeds pro se and has been granted leave to proceed in forma pauperis. Her filings indicate that she resides in Delaware, but she provides an address in Dallas, Texas as her address of record. Plaintiff is a licensed attorney in the State of Texas.[1]

## II. BACKGROUND

Plaintiff has engaged in filing numerous lawsuits that contain frivolous legal arguments and that are vexatious and abusive of the judicial process. Plaintiff filed suit against McKool Smith in the 298th Judicial District Court for Dallas County, Texas, raising claims arising from her employment with McKool Smith, and the claims were dismissed with prejudice on December 27, 2013. (See Civ. No. 15-341-SLR, D.I. 3, ex. 1, Davis v. McKool Smith, P.C., Cause No. DC-13-14215). The dismissal included the imposition of sanctions against plaintiff. The court stated that plaintiff's "abuse of the judicial system through the filing of groundless pleadings and motions for an improper purpose, and her bad faith and harassing actions and misconduct detailed by the evidence, threaten the integrity of the judicial system, and demonstrate her flagrant bad faith and callous disregard for court orders." (Id.) Prior to dismissal of the case in the 298th Judicial District, plaintiff was declared a vexatious litigant by the 429th Judicial District Court for Collin County, Texas. (See id. at D.I. 3, ex. 10, Davis v. Limoland USA

---

[1] On May 14, 2015, the Board of Disciplinary Appeals, an adjudicatory body appointed by the Supreme Court of Texas to hear certain attorney discipline cases, signed a judgment of indefinite disability suspension against plaintiff. See http://www.txboda.org/cases/re-chelsea-l-davis (May 14, 2015).

*Corp.*, Cause No. 429-03552-2014). Therein, plaintiff was prohibited from filing, pro se, a new litigation in any court in Texas without permission of the appropriate local administrative judge in accordance with § 11.102 of the Texas Civil Practice and Remedies Code. (*Id.*).

Plaintiff then attempted to litigate in the federal district courts of the Northern District of Texas by filing at least nine law suits alleging the same set of claims and facts as those previously dismissed by the state court.[2] On February 19, 2014, an order was entered in the United States District Court for the Northern District of Texas, Dallas Division ("Texas N.D. Court"), recounting in detail plaintiff's history of vexatious and abusive litigation. *See Davis v. McKool Smith*, Civ. No. 14-3975-N-BK at D.I. 66. The Texas N.D. Court enjoined plaintiff from filing or removing to its court: (1) any case based in part or in whole in part on events before the date of its order against any one or more of the following parties: R. Brian Teal; Samuel Baxter; GECESC Associates; GECESP Associates; BOC; Amy Abboud Ware; Leslie Ware; Stephen Jones; William C. Carmody; James S. Chanos; McKool Smith; Clint D. Carlson; J. Kyle Bass; Chad Bushaw; William A. Ackman; Harlan R. Crow; Leon G. Cooperman; Jon Stevens; Carlos R. Cortez; Panoptis IP LLC; the Ware Firm LLC; McKool Smith Henningnan PC; Southern Methodist University; Southern Methodist University Dedman School of Law;

---

[2] *See e.g., Davis v. McKool Smith*, Civ. No. 13-4926-N (N.D. Tex., removed Dec. 18, 2013; *Davis v. Ackman*, Civ. No. 13-4973-N (N.D. Tex., filed Dec. 20, 2013); *Davis v. McKool Smith*, Civ. No. 14-056-N (N.D. Tex., filed Jan. 8, 2014); *Davis v. McKool Smith*, Civ. No. 14-3962-N (N.D. Tex., filed Nov. 7, 2014); *Davis v. Ware*, Civ. No. 14-XC-3963-K (N.D. Tex., filed Nov. 8, 2014); *Davis v. McKool Smith*, Civ. No. 14-3975-N (N.D. Tex., filed Nov. 10, 2014); *Davis v. McKool Smith*, Civ. No. 14-4190-N (N.D. Tex., filed Nov. 24, 2014).

2

John Attanasio; unless represented by a licensed attorney other than herself, or with leave of court; and (2) any action arising from her employment at McKool Smith, including but not limited to claims for sex discrimination; disability discrimination; racial discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false imprisonment; quantum meruit and unjust enrichment; assault and battery; wrongful termination; breach of contract; intentional infliction of emotional distress; fraud and promissory estoppel; negligent hiring, supervision, and retention; gross negligence; personal injury under 18 U.S.C. § 2255; conspiracy to violate constitutional rights; sexual assault; aggravated sexual assault; federal assault and sexual abuse; violation of 18 U.S.C § 247; and violation of 18 U.S.C. § 1592, unless represented by a licensed attorney other than herself, or with leave of court. The order also revoked plaintiff's electronic filing privileges for all of her accounts due to abuse of her electronic filing privileges. Plaintiff was warned that further abuse of the judicial system would result in progressively harsh sanctions including, but not limited to, a bar on all filings in the Texas N.D. Court without first obtaining leave of court and monetary sanctions.

Similarly, on April 23, 2015, an order was filed in the United States District Court for the Eastern District of Texas, Sherman Division ("Texas E.D. Court"), that also recounted in detail plaintiff's history of vexatious and abusive litigation. See *Davis v. Supreme Court of Texas*, Civ. No. 15-082-ALM-CMC at D.I. 15 (E.D. Tex.). The Texas E.D. Court found plaintiff's continued attempts to litigate the same claims vexatious and designed solely to harass and embarrass defendants. The Texas E.D. Court enjoined plaintiff from filing in or removing to its court, without leave of court: (1) any case based in whole or in part on events before the date of its order and against any one or more of

3

the following parties: R. Brian Teal; Samuel Baxter; GECESC Associates; GECESP Associates; BOC; Amy Abboud Ware; Leslie Ware; Stephen Jones; William C. Carmody; James S. Chanos; McKool Smith PC; Clint D. Carlson; J. Kyle Bass; Chad Bushaw; William A. Ackman; Harlan R. Crow; Leon G. Cooperman; Jon Stevens; Carlos R. Cortez; Panoptis IP LLC; the Ware Firm LLC; McKool Smith Henningnan PC; Southern Methodist University; Southern Methodist University Dedman School of Law; Supreme Court of Texas; or John Attanasio; unless represented by a licensed attorney other than herself; and (2) any action arising from her employment at McKool Smith, including but limited to claims for sex discrimination; disability discrimination; racial discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false imprisonment; quantum meruit and unjust enrichment; assault and battery; wrongful termination; breach of contract; intentional infliction of emotional distress; fraud and promissory estoppel; negligent hiring, supervision, and retention; gross negligence; personal injury under 18 U.S.C. § 2255; conspiracy to violate constitutional rights; sexual assault; aggravated sexual assault; federal assault and sexual abuse; violation of 18 U.S.C § 247; and violation of 18 U.S.C. § 1592; unless represented by a licensed attorney other than herself. Plaintiff was again warned that further abuse of the judicial system would result in progressively harsh sanctions including, but not limited to, a bar on all filings in the Texas E.D. Court without first obtaining leave of court and monetary sanctions.

Plaintiff recently began filing lawsuits in this court. See Civ. No. 15-341-SLR (transferred to the United States District Court for the Northern District of Texas); Civ. No. 15-377-SLR (dismissed as malicious and based upon defendants' immunity from

suit); Civ. No. 15-384-SLR (dismissed as malicious and based upon defendants' immunity from suit). The court reviewed the orders entered in the numerous cases filed by plaintiff in the Texas courts, and determined that the complaints in Civ. Nos. 15-341-SLR, 15-377-SLR, and 15-384-SLR contain similar allegations and were raised against many of the same defendants as in prior actions initiated by plaintiff. On May 26, 2015, the court ordered plaintiff to show cause why she should not be enjoined from filing, without prior authorization of the court, any notice of removal, complaint, lawsuit, motion for injunctive relief, or petition for writ of mandamus, filed in the United States District Court for the District of Delaware in an effort to avoid the orders enjoining her from filing lawsuits in Texas courts OR regarding or relating to any and all claims arising from plaintiff's employment at McKool Smith, including, but not limited to, actions against Eric Aguilar, Asarco LLC, Angeline Bain, Baker Botts LLP, Samuel F. Baxter, Carlson Capital LP, Robin Case, Chief Disciplinary Counsel Linda Acevedo, Collin County, Colt Ventures, Harlan R. Crow, Crow Holdings Capital Partners LLC, Jaye Crowder, Dallas County, Dallas Cowboys Football Club Ltd., Susan Farris, Lawrence J. Friedman, Hayman Capital Management LP, Kynikos Associates LP, Brian S. Lidji, McKool Smith P.C., Edgar Nace, Omega Advisors Inc., PanOptis LLC, Pershing Square Capital Management LP, C. Roderick Phelan, SMU Dedman School of Law, Sayles Werbner P.C., Ben Selman, State Bar of Texas, Texas Health Presbyterian Hospital Dallas, Emily Tobolowsky, Town of Addison, Town of Highland Park, Travis County, Leslie D. Ware, Mark Werbner, Jill Willis, State of Texas, Supreme Court of Texas, Board of Disciplinary Appeals, and Commission for Lawyer Discipline. (See Civ. No. 15-377-SLR, D.I. 14, 15; Civ. No. 15-384-SLR, D.I. 6, 7)

## III. STANDARD OF REVIEW

A district court has the power to enjoin vexatious litigants from filing meritless pleadings that duplicate ones already adjudicated. 28 U.S.C. § 1651; *see Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Day v. White*, 549 F. App'x 66 (3d Cir. 2014) (unpublished); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. 2004) (unpublished). A pre-filing injunction is an exception to the general rule of free access to the courts, and its use against a pro se plaintiff is approached with caution. *See Day*, 549 F. App'x at 67 (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir.1982)). A district court may enjoin a pro se litigant from future filings so long as the injunction complies with three requirements: (1) the litigant must be continually abusing the judicial process; (2) the litigant must be given notice of the potential injunction and an opportunity to oppose the court's order; and (3) the injunction must be narrowly tailored to fit the specific circumstances of the case. *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir.1993).

## IV. DISCUSSION

Plaintiff has a history of continual abuse of the judicial process. The court, in seeking to enjoin plaintiff as a vexatious litigant from future litigation, provided her sufficient notice and an opportunity to be heard in the form of a show cause order entered May 26, 2015. (*See* Civ. No. 15-377-SLR, D.I. 15; Civ. No. 15-384-SLR, D.I. 7); *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). Plaintiff did not file a response to the show cause order. Instead, she filed an amended complaint with exhibits in Civ. No. 15-384-SLR.[3] (D.I. 8, 9) The heading of the amended complaint is

---

[3] Nothing has been filed in Civ. No. 15-377-SLR.

6

as follows: "In the United States District Court for the District of Delaware; Eastern District of Virginia; Court of Federal Claims; and/or Other Court ("this Court")" (D.I. 8) It appears from the heading that plaintiff is filing, or has filed, the amended complaint in other courts. In addition, the amended complaint contains numerous exhibits, some of which contain inappropriate sexual content including a photograph. (D.I. 9) The inappropriate exhibits have been placed under seal pursuant to privacy policies found in the administrative procedures governing filing and service by electronic means. Plaintiff will be placed on notice that future inappropriate documents submitted to this court will not be docketed. Finally, concurrent with the amended complaint, plaintiff filed a "withdrawal/cancellation of motion to proceed in forma pauperis."[4] (D.I.10)

It is apparent by plaintiff's failure to respond to the show cause order, and from the content of her most recent filings, that the frivolous and vexatious nature of her prior complaints and filings are of no concern to her, a circumstance that indicates the likelihood that such abuse of the complaint procedure will continue unless protective procedures are instituted. Indeed, plaintiff continues, unabated, to reiterate her misguided theories, despite court rulings to the contrary. Plaintiff presented nothing to the court to sway it from finding that plaintiff should not be enjoined from filing in this court.

Therefore, the court finds that plaintiff has failed to show cause why she should not be enjoined from filing, without prior authorization of this court, any notice of

---

[4] The filing states, "I, Chelsea L. Davis, withdraw/cancel my motion to proceed in forma pauperis dated May 13, 2015, although I do not admit that such was ever actually filed with 'Complaint' at Document 1." (D.I. 10)

removal, complaint, lawsuit, motion for injunctive relief, or petition for writ of mandamus, filed in the United States District Court for the District of Delaware in an effort to avoid the orders enjoining her from filing lawsuits in Texas courts OR regarding or relating to any and all claims arising from plaintiff's employment at McKool Smith, including, but not limited to, actions against Eric Aguilar, Asarco LLC, Angeline Bain, Baker Botts LLP, Samuel F. Baxter, Carlson Capital LP, Robin Case, Chief Disciplinary Counsel Linda Acevedo, Collin County, Colt Ventures, Harlan R. Crow, Crow Holdings Capital Partners LLC, Jaye Crowder, Dallas County, Dallas Cowboys Football Club Ltd., Susan Farris, Lawrence J. Friedman, Hayman Capital Management LP, Kynikos Associates LP, Brian S. Lidji, McKool Smith P.C., Edgar Nace, Omega Advisors Inc., PanOptis LLC, Pershing Square Capital Management LP, C. Roderick Phelan, SMU Dedman School of Law, Sayles Werbner P.C., Ben Selman, State Bar of Texas, Texas Health Presbyterian Hospital Dallas, Emily Tobolowsky, Town of Addison, Town of Highland Park, Travis County, Leslie D. Ware, Mark Werbner, Jill Willis, State of Texas, Supreme Court of Texas, Board of Disciplinary Appeals, and Commission for Lawyer Discipline.

In addition, the court will strike, and will not consider, the amended complaint. (D.I. 8) Nor may plaintiff withdraw her motion to proceed in forma pauperis. (D.I. 10) Her motion to proceed in forma pauperis has been granted and she has presented no reason to withdraw the motion.

Finally, the court will unseal Civ. Nos. 15-377-SLR and 15-384-SLR, but will continue to seal certain docket items due to inappropriate content.

## V. CONCLUSION

For the above reasons, the court will: (1) enter an order to enjoin plaintiff as a vexatious litigant from future litigation; (2) strike the amended complaint (D.I. 8); and (3) deny the request to withdraw the motion for leave to proceed in forma pauperis (D.I. 10). Plaintiff will be placed on notice that the court will not docket, nor entertain, filings that contain inappropriate sexual content. Finally, the court will unseal Civ. Nos. 15-377-SLR and 15-384-SLR, but will continue to seal certain docket items due to inappropriate content.

A separate order shall issue.